**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES E. IVIE, <br><br>                    Plaintiff(s), <br>  vs. <br><br>UNITED STATES OF AMERICA, et al., <br><br>                    Defendant(s). | CASE NO. 15cv266-LAB (NLS) <br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND** <br><br>**ORDER OF DISMISSAL** |

On February 9, 2015, Plaintiff Charles Ivie, proceeding *pro se*, filed his complaint along with a motion to proceed *in forma pauperis* ("IFP"). To prepare the IFP motion, it appears Ivie typed questions for an IFP form and hand-wrote his answers on them. The handwriting is mostly illegible. In addition, Ivie has given contradictory answers to at least one question; for example, to question 3, asking whether he had any cash, he checked both yes and no, then wrote something that looks like "$300 useless, can't name value." Leave to proceed IFP is **DENIED**.

The caption identifies various National Forest Service officers as Defendants, as well as the Department of Justice and various other federal agencies and officers, and all courts and magistrates. The complaint begins with two typewritten pages in all capital letters. Ivie is protesting a citation he received while on the Noble Canyon trail (located in the Cleveland National Forest), for having an unleashed law at a developed recreational site. Ivie argues

1  there are no leash laws in national forests. *But see* 36 C.F.R. §§ 2.15(2), 261.16(j). The
2  complaint is replete with insults and cursing, directed primarily at towards the officers he
3  holds responsible, and the government in general. It is clear he is of the opinion that he had
4  the right to do what he was doing, and has no intention of obeying leash laws or public lands
5  regulations.

6       The first two pages are followed by a partially-legible handwritten page, and this is
7  followed by three pages hand-annotated copies of the violation notices and an envelope.
8  The notices show Ivie was cited on January 17, 2013, and the fine was $50.00. At the top
9  of the last page, Ivie has written a demand for $30,000, for fraudulent filing (apparently
10 referring to the violation notices).

11      Obviously, Ivie thinks the officers should not have cited him. But the remedy for this
12 was for him to appear and defend against the citation, not to sue the officers and various
13 other people and agencies. In *United States v. Barley*, 405 F. Supp. 2d 1121 (N.D.Cal.,
14 2005), for example, visitors to a national park successfully contested citations for off-leash
15 dog walking on the grounds that the regulations then in place had not been properly noticed
16 or promulgated.

17      No statute or law authorizes this suit, and it is also clear that most if not all of the
18 Defendants are either immune or else have nothing to do with Ivie's claims. The complaint
19 is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close the docket.

20      **IT IS SO ORDERED**.

21 DATED: February 13, 2015

22                              */s/ Larry A. Burns*

23                     **HONORABLE LARRY ALAN BURNS**
                     United States District Judge

24

25

26

27

28