# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. IVIE,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 15cv266-LAB (NLS)<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

Plaintiff Charles Ivie, proceeding *pro se*, filed his complaint on February 9, 2015 along with a motion to proceed *in forma pauperis*. He claimed Forest Service employees wrongly issued him a citation for having unleashed dogs on a hiking trail in the Cleveland National Forest, in violation of 36 C.F.R. § 261.16(j). On February 17, the Court found his application to proceed *in forma pauperis* incomplete and denied it, as well as dismissing his complaint with prejudice.

On April 20, the Court received a second document from Ivie, which it rejected for filing. The document's purposes were not entirely clear, but it did not appear to be seeking reconsideration or relief from the judgment. Rather, he appeared to be warning Forest Service employees not to try to cite him or enforce leash laws. For example, on a copy of the Clerk's judgment, Ivie circled the statement that the complaint was dismissed with prejudice, and hand-wrote "Good. Yes, do not come at me again." (Docket no. 5-1.)

On May 27, the Court received a second post-judgment document from Ivie. He attached a copy of the discrepancy order, circling the Court's order that the document was being rejected, and hand-writing "Good. Stay away from me." This bolsters the Court's conclusion that Ivie did not intend his earlier submission as a motion for relief from judgment.

But, unlike the previous submission, this latest document appeared to seek reconsideration, after a fashion. It purports to reopen the case, and to award Ivie $50,000 in damages. Concurrently with this order, the Court is accepting that document for filing as a motion pursuant to Fed. R. Civ. P. 60.

The Federal Rules of Civil Procedure provide two avenues for seeking reconsideration from a final judgment. Ordinarily, a litigant would file a motion seeking relief under Rule 59. But such a motion must be filed within 28 days of the entry of judgment, *see* Fed. R. Civ. P. 59(e), and Ivie waited much longer than that.[1] The only other rule providing for relief is Rule 60, whose time limits are more lenient. *See* Rule 60(c)(1). The Court therefore construes the document as a Rule 60 motion for relief from judgment. A motion under this Rule does not affect the judgment's finality or suspend its operation. *See* Rule 60(c)(2). And in this case, a motion (regardless of whether construed as a Rule 59 or 60 motion) filed months after entry of judgment does not extend the time to file a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A).

The motion provides no adequate basis for revisiting the judgment. As the Court originally pointed out, Ivie's remedy when he was cited was to appear in court and challenge the citation, not simply to sue for damages. Others have successfully challenged citations and avoided being fined.

Furthermore, although the Court did not note it earlier, Ivie's claims appear to be barred by the *Heck* doctrine. That doctrine holds that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the allegedly unlawful behavior for which a civil rights suit is filed, the civil rights action must be dismissed. *Smithart v. Towery*,

---

[1] The first document, which was rejected, was received 62 days after entry of judgment, while the second was received 99 days after entry of judgment.

1 | 79 F.3d 951, 952 (9th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). A claim that
2 | officers brought unfounded charges falls squarely within the *Heck* doctrine, until the
3 | underlying criminal conviction has been reversed, expunged, or vacated by writ of habeas
4 | corpus. *See Smithart* at 953 (finding "no question" that *Heck* barred plaintiff's claim that
5 | defendants brought unfounded criminal charges against him).

6 |      Ivie's motion for relief from judgment is **DENIED** and no more motions seeking to
7 | revisit the judgment will be accepted or considered.

8 |      **IT IS SO ORDERED**.

9 | DATED: June 2, 2015

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge